## BLODGETT v. SHEPARD.

The Revised Statutes chapter 189, sections 6 and 7, have not changed the law in relation to the appearance of parties in person before an auditor.

The refusal of a party to appear, must now, as heretofore, be an unreasonable refusal, in order to subject him to the provisions of those sections.

ASSUMPSIT. The action was referred to an auditor, who reported, that a hearing was held before him in due course. The declaration contained two counts for $50, lent and accommodated to and had and received by the defendant. The plea was the general issue with notice of an account in set-off amounting to $53.

The plaintiff appeared by his counsel, but not in person. Before the hearing, the defendant being present called for the plaintiff, alleging that he wished to put interrogatories to him. The counsel for the defendant in his argument alleged that the plaintiff was knowing to facts which would constitute a defence, and which could not be proved by any other person, except the wife of the defendant. The plaintiff's counsel offered to receive her testimony, if the defendant's counsel would waive his claim to the plaintiff's appearance in person, but the offer was not assented to. It was understood that the plaintiff had been for some time resident in Ohio.

The auditor certified the foregoing facts as part of his report; and also that he overruled the defendant's objection on account of the absence of the plaintiff, and proceeded to trial. Upon the evidence he reported that the defendant did promise, &c., and assessed the damages at $50, and interest from the date of the writ. The question arising on the above facts was reserved for the consideration of this court.

*Kittredge & Weeks,* for the defendant. Only one question arises upon Rev. Stat. chap. 189, secs. 6 and 7, providing for the appointment of auditors. Unless the per-

sonal appearance of the party is intended to be provided for by it, the statute is entirely unnecessary.

*E. Blaisdell*, for the plaintiff. The defendant acknowledged that he could not make out his defence, except by the oath of the plaintiff or his own wife. We proposed to waive any objection to her testimony being received, but he did not see fit to avail himself of our offer, and he can not complain of the absence of the plaintiff. Certainly if the statute will bear the construction contended for, it will cause great hardship.

PARKER, C. J. The statute of June 23, 1823, authorizing the appointment of auditors, provided that when any party to an action in which an auditor had been appointed should unreasonably refuse or neglect to appear at the time and place assigned, or after appearing should refuse or neglect to render an account, or produce such books, and to answer on oath such interrogatories, relating to the matter in controversy as may be pertinent and material, the auditors may certify such refusal or neglect to the court from which their appointment issued; and the same court may thereupon cause damages to be assessed by a jury, and enter up judgment for the damages so assessed with reasonable costs, or they may render judgment against the defendant as upon default or against the plaintiff as upon nonsuit. N. H. Laws (Ed. 1830) 378. The 6th- and 7th sections, chap. 189 of the Revised Statutes, provide generally, that if either party shall neglect or refuse to appear before the auditor, or to render an account, or to produce such books and papers, and to answer on oath such interrogatories, relating to the matter in controversy as may be pertinent and material, the auditor shall certify the same to the court. The court shall thereupon render judgment against such party as

upon nonsuit or default, and if necessary cause the damages to be assessed by the jury.

The omission of the term "unreasonably" in the Rev. Statutes, can not have been intended to change the rule. The legislature undoubtedly did not intend to visit such consequences upon a party who had reasonably neglected to appear. It must have been intended only as an abridgment of the language, and we are of opinion that the neglect must be one upon reasonable notice for that purpose; otherwise it would be necessary in all cases audited for the party to attend in person. We are of opinion also that there may be circumstances in which it would be proper to decline requiring the attendance of the party subject to the revision of the court. If the rule were otherwise, we must inquire in all cases into the situation of the parties before the appointment of an auditor, for in all those where it was impracticable for the party to attend, the mere fact of the appointment of the auditor would in effect decide the case.

*Motion for nonsuit denied.*